IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESSICA WHALEY, et al., | CIVIL NO. 23-cv-00457-LEK-KJM |
| Plaintiffs, | REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

REPLY IN SUPPORT OF
<u>PARTIAL MOTION TO DISMISS COMPLAINT</u>

**TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS .................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ...........................................................................................1

LEGAL STANDARD.......................................................................................3

ARGUMENT ..................................................................................................5

I.   This Court Should Again Hold that the FTCA's Misrepresentation Exception
     Requires Dismissal of Plaintiffs' Failure-to-Warn Claim................................5

II.  The FTCA's Discretionary Function Exception Bars Plaintiffs' Failure-to-
     Test and Failure-to-Remediate Claims ...........................................................8

     A.   Plaintiffs Mistakenly Conflate DFE into a Negligence Inquiry.................8

     B.   Plaintiffs Do Not Identify Any Relevant, Mandatory, and Specific
          Directives that Controlled the Challenged Conduct................................10

          1. Prong One of DFE Is Met as to the Failure-to-Remediate Claim...10

          2. Prong One of DFE Is Met as to the Failure-to-Test Claim .............12

     C.   The Conduct at Issue Was Susceptible to Competing Policy
          Considerations. Therefore, Prong Two of DFE is Met ..........................12

CONCLUSION.................................................................................................15

# TABLE OF AUTHORITIES

Cases

Page(s)

*Bailey v. United States*,
   623 F.3d 855 (9th Cir. 2010) ..................................................... 3, 14, 15

*Berkovitz v. United States*,
   486 U.S. 531 (1988)...................................................................................11

*Brownback v. King*,
   141 S. Ct. 740 (2021)...................................................................................5

*Chadd v. United States*,
   794 F.3d 1104 (9th Cir. 2015) ..................................................... 2, 3, 13

*Colwell v. Dep't of Health & Human Servs.*,
   558 F.3d 1112 (9th Cir. 2009) .............................................................4, 12

*Dalehite v. United States*,
   346 U.S. 15 (1953).......................................................................................8

*Domme v. United States*,
    61 F.3d 787 (10th Cir. 1995) ........................................................... 7, 8

*Esquivel v. United States*,
   21 F.4th 565 (9th Cir. 2021) ........................................................ 2, 5, 8

*Feindt v. United States*,
   No. 22-00397 LEK-KJM,
   2024 WL 126882 (D. Haw. 2024) .......................................... 1, 4, 5, 6

*Firebaugh Canal Water Dist. v. United States*,
   712 F.3d 1296 (9th Cir. 2013) .............................................................7

*GATX/Airlog Co. v. United States*,
   286 F.3d 1168 (9th Cir. 2002) ..................................................... 12, 13

*Kennewick Irr. Dist. v. United States*,
   880 F.2d 1018 (9th Cir. 1989) .......................................................... 5, 8, 9

*Lam v. United States*,
   979 F.3d 665 (9th Cir. 2020) ...............................................................2, 8

*Marlys Bear Medicine v. U.S. ex rel. Sec'y of Dep't of Interior*,
   241 F.3d 1208 (9th Cir. 2001) .................................................................13

*Miller v. United States*,
   992 F.3d 878 (9th Cir. 2021) .....................................................................7

*Murillo v. U.S. Dep't of Just.*,
   2022 WL 16745333 n.7 (D. Ariz. 2022) ....................................................5

*Myers v. United States*,
   652 F.3d 1021 (9th Cir. 2011) ...................................................................8

*Nanouk v. United States*,
   974 F.3d 941 (9th Cir. 2020) ...................................................................13

*Pauly v. U.S. Dep't of Agric.*,
   348 F.3d 1143 (9th Cir. 2003) ...................................................................7

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ...................................................................4

*Shahim v. United States*,
   2022 WL 1644440 n.5 (C.D. Cal. 2022) ....................................................5

*Strand v. United States*,
   233 F. Supp. 3d 446 (D. Md. 2017)............................................................9

*Terbush v. United States*,
   516 F.3d 1125 (9th Cir. 2008) ................................................................1, 7

*United States v. Olson*,
   546 U.S. 43 (2005).....................................................................................2

*United States v. Varig Airlines*,
467 U.S. 797 (1984)..................................................................................9, 14

*Walters v. City,*
627 F. Supp. 3d 734 (E.D. Mich. 2022) ...............................................9

*Waverley View Invs., LLC v. United States*,
79 F. Supp. 3d 563 (D. Md. 2015).......................................................11

*Whisnant v. United States*,
400 F.3d 1177 (9th Cir. 2005) .............................................................13

*Williams v. United States*,
711 F. Supp. 2d 1195 (D. Haw. 2010)...................................................2

<u>Statutes</u>

28 U.S.C. § 1346..........................................................................................1, 6
28 U.S.C. § 2680.................................................................................. *passim*

<u>Rules</u>

Fed. R. Civ. P. 12 .......................................................................................3, 4

**INTRODUCTION**

The United States partially moved to dismiss the Complaint pursuant to two exceptions to the Federal Tort Claims Act's (FTCA) limited waiver of sovereign immunity: (1) the misrepresentation exception, 28 U.S.C. § 2680(h); and (2) the discretionary function exception, *id.* § 2680(a). These exceptions apply even if Hawaii tort law would otherwise impose tort liability on a private actor under analogous circumstances. *E.g.*, *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008) (explaining that 28 U.S.C. § 1346(b)(1) waives the United States' sovereign immunity for certain tort claims arising out of state law, but that "[t]he FTCA includes a number of exceptions to this broad waiver of sovereign immunity, including the oft litigated 'discretionary function exception' . . . .").

First, in response to the United States' argument that the misrepresentation exception bars Plaintiffs' Failure-to-Warn Claim (part of Counts I and II, Compl. ¶¶ 92(f); 106(f)), Plaintiffs acknowledge that they are merely reasserting arguments this Court rejected last month in the related case, *Feindt v. United States*, No. 22-00397 LEK-KJM, 2024 WL 126882 (D. Haw. Jan. 11, 2024). ECF No. 31 (Opp'n) at 14 n.1. Plaintiffs also fail to refute the United States' argument that the Failure-to-Warn Claim cannot be salvaged under the guise of a premises liability claim. *Compare* ECF No. 21-1 (Mot.) at 7-9, *with* Opp'n at 14-18.

1

Second, in opposition to the United States' discretionary function exception (DFE) arguments, Plaintiffs' mostly conflate the DFE inquiry with whether the United States was negligent. Opp'n at 18-20 & 26. However, "[n]egligence is . . . irrelevant to the discretionary function inquiry." *Esquivel v. United States*, 21 F.4th 565, 574 (9th Cir. 2021). "Thus, courts should put the negligence issue aside on a DFE-based motion to dismiss and focus its inquiry on whether the employee's acts were discretionary." *Lam v. United States*, 979 F.3d 665, 673 (9th Cir. 2020). Therefore, *United States v. Olson*, 546 U.S. 43 (2005) and *Williams v. United States*, 711 F. Supp. 2d 1195 (D. Haw. 2010)—on which Plaintiffs rely, Opp'n at 18—are inapposite to the Court's DFE inquiry. These cases are about negligence and do not even mention the DFE. *See infra* at 6-7 & 9-10.

Plaintiffs' remaining arguments under the DFE's two-prong inquiry fare no better. For the DFE's first prong (discretion), the Court indicated in the February 2, 2024 hearing in *Feindt*—on the same DFE motion involving the same challenged conduct and same arguments from the same counsel—that it was inclined to find that the Navy's conduct was discretionary. The Court should reach the same conclusion here, as the *Whaley* Plaintiffs raise no new prong one arguments.

As for the DFE's second prong, Plaintiffs argue that safety considerations *ipso facto* bars application of the DFE, Opp'n at 24-26, but this argument defies binding Ninth Circuit precedent, *e.g.*, *Chadd v. United States*, 794 F.3d 1104, 1112

2

(9th Cir. 2015) ("where there is even *one* policy reason why officials may decide not to take a particular course of action to address a safety concern, the [discretionary function] exception applies"). The Navy balanced several policy considerations when determining how to respond to the exigencies surrounding the November 2021 Red Hill spill, including (as relevant to this motion): (1) within weeks, how best to analyze certain samples given the needs of the response and the limited on-island testing capabilities; and (2) in the following months, how to remediate thousands of residences effectively and efficiently. For both, Plaintiffs contend that the United States should have done more, but again that is not the proper inquiry under the DFE. *Bailey v. United States*, 623 F.3d 855, 863 (9th Cir. 2010) ("In hindsight it may be easy to say the Corps should have replaced the signs sooner, but that is exactly the judicial second-guessing of government decision-making that the discretionary function exception is designed to prevent.").

## LEGAL STANDARD

In several respects, Plaintiffs incorrectly state the applicable standard of review for this motion to dismiss for lack of subject-matter jurisdiction.

First, the United States' partial motion to dismiss is both a facial and factual challenge to subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Contra* Opp'n at 12-13. Although the United States filed a Rule 12(b)(1) facial challenge with respect to Plaintiffs' Failure-to-Warn Claim, Mot. at 5, it

3

presented affidavits in moving to dismiss Plaintiffs' Failure-to-Test and Failure-to-Remediate Claims.[1] Mot. at 5-6. The United States' reliance on these affidavits renders this portion of its motion a Rule 12(b)(1) factual challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004 ("Once the moving party has converted the motion to dismiss into a factual motion *by presenting affidavits or other evidence properly brought before the court . . .*") (emphasis added). Therefore, to defeat the United States' motion to dismiss the Failure-to-Remediate and Failure-to-Test Claims, Plaintiffs must "present affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

Second, Plaintiffs incorrectly assert that the challenged claims cannot be dismissed for lack of subject-matter jurisdiction because they are intertwined with the merits. Opp'n at 13. Plaintiffs do not cite a FTCA case for this proposition, which flies in the face of hundreds of decisions dismissing FTCA claims for lack of subject-matter jurisdiction, including this Court's decision less than a month ago in *Feindt*, 2024 WL 126882. If anything, in the FTCA context, the rule is the

---

[1] The Failure-to-Test Claim asserts the United States was negligent by failing to "test water samples for petroleum," Compl. ¶¶ 92(i), 106(j) (part of Counts I & II, and the Failure-to-Remediate Claim asserts the United Staes was negligent by failing to "properly remediate affected homes," *id.* ¶ 106(i) (part of Count II).

opposite of what Plaintiffs posit:  Because "'a federal court always has jurisdiction to determine its own jurisdiction,' . . . a federal court can decide an element of an FTCA claim on the merits if that element is also jurisdictional." *Brownback v. King*, 141 S. Ct. 740, 750 (2021) (citation omitted).

Third, with respect to the DFE, Plaintiffs' argument that the jurisdictional issues are intertwined with the merits again ignores that "'[n]egligence is . . . irrelevant to" DFE. *Esquivel*, 21 F.4th at 574 (quoting *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1029 (9th Cir. 1989)); *see also Shahim v. United States*, 2022 WL 1644440, at *2 n.5 (C.D. Cal. May 24, 2022) ("in most cases, with regard to the discretionary function exception, analysis of subject matter jurisdiction is distinct from analysis of the merits" (cleaned up)); *accord Murillo v. U.S. Dep't of Just.*, 2022 WL 16745333, at *5 n.7 (D. Ariz. Nov. 7, 2022).

## ARGUMENT

**I.      This Court Should Again Hold that the FTCA's Misrepresentation Exception Requires Dismissal of Plaintiffs' Failure-to-Warn Claim.**

The *Whaley* Plaintiffs acknowledge that the Court already rejected their misrepresentation exception arguments in *Feindt*, and that they reassert them here to preserve the issue for appeal. Opp'n at 14 n.1. Specifically, the Court rejected the *Feindt* Plaintiffs' argument that the exception should not apply because their Failure-to-Warn Claim pertains to "operational tasks," as opposed to the communication of information. *Compare* ECF No. 31 at 14-17, *with Feindt*, 2024

5

WL 126882, at *5 ("The Court finds Plaintiffs' failure to warn claims are more properly characterized as a failure to communicate information, rather than as a negligent performance of an operational task."). The Court also rejected Plaintiffs' argument that, because the alleged duty to communicate arises from the Safe Drinking Water Act (SDWA), the misrepresentation exception does not apply. *Compare* Opp'n at 15-17, *with Feindt*, 2024 WL 126882, at *5-6.

Plaintiffs briefly argue that their Failure-to-Warn claim may proceed under their premises liability theory, Opp'n at 17-18, but they failed to respond to the United States' arguments that: (1) Count I cannot be a premises liability claim because it contains no allegations relating to Plaintiffs leasing their premises; and (2) the Court need not stretch to find a duplicative premises liability theory in Count I when one already exists in Count V, Mot. at 8-9.

More importantly, Plaintiffs' argument that their Failure-to-Warn Claim may persist because Hawaii tort law would impose premises liability under analogous circumstances (Opp'n at 17-18) fundamentally misunderstands how the FTCA's exceptions, including the misrepresentation exception, operate. The FTCA grants district courts subject-matter jurisdiction over certain tort claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674. Some courts refer to this as

6

the FTCA's private analog requirement. *E.g.*, *Firebaugh Canal Water Dist. v. United States*, 712 F.3d 1296, 1303 (9th Cir. 2013). However, the FTCA provides that this grant of jurisdiction "***shall not apply***" to the conduct covered by the exceptions set forth in 28 U.S.C. § 2680, including the misrepresentation exception (Section 2680(h)) and the discretionary function exception (Section 2680(a)). 28 U.S.C. § 2680 (emphasis added). In other words, even if state tort law would allow for a cause of action, the action must be dismissed if the Section 2680 exceptions apply. *Terbush*, 516 F.3d at 1128.

Given this statutory structure, numerous courts have rejected Plaintiffs' argument focused on the type of tort claim alleged, as it would render the FTCA's exceptions a nullity. *See, e.g.*, *Miller v. United States*, 992 F.3d 878, 886 n.3 (9th Cir. 2021) ("there would be little, if anything, left to the discretionary function exception if it could be defeated by the very state tort law sought to be applied under the FTCA."); *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (instructing courts to look "'beyond the labels used' by the plaintiff" for their tort claim and to examine "the conduct upon which the claim is based" when determining whether the misrepresentation exception applies) (citation omitted); *Domme v. United States*, 61 F.3d 787, 789 (10th Cir. 1995) ("Plaintiffs argue that the discretionary function exception simply does not apply to 'mandatory common law duties.' Plaintiffs seem to misunderstand FTCA case law.").

7

For these reasons, the Court should dismiss the *Whaley* Plaintiffs' Failure-to-Warn Claim (part of Counts I and II, Compl. ¶¶ 92(f); 106(f)).

## II.    The FTCA's Discretionary Function Exception Bars Plaintiffs' Failure-to-Test and Failure-to-Remediate Claims.

A. <u>Plaintiffs Mistakenly Conflate DFE into a Negligence Inquiry.</u>

Plaintiffs' primary DFE argument—that DFE does not apply because the United States performed the challenged conduct negligently, Opp'n at 18-20 & 26—defies binding Ninth Circuit precedent, *e.g.*, *Esquivel*, 21 F.4th at 574 (negligence is "irrelevant" to the DFE) (quotation marks omitted); *accord Myers v. United States*, 652 F.3d 1021, 1028 (9th Cir. 2011); *Kennewick*, 880 F.2d at 1029.

The DFE applies even if the Government was negligent. *Dalehite v. United States*, 346 U.S. 15, 33 (1953) (with DFE, "Congress exercised care to protect the Government from claims, however negligently caused, that affected the governmental functions."); 28 U.S.C. § 2680(a) (defining the DFE and stating that it applies "whether or not the discretion involved be abused"). "Thus, courts should put the negligence issue aside on a DFE-based motion to dismiss and focus its inquiry on whether the employee's acts were discretionary." *Lam*, 979 F.3d at 673 ("even if the employee's discretionary act is negligent, the district court should dismiss plaintiff's case"). "Indeed, if the presence of negligence were allowed to defeat the discretionary function exception, the exception would provide a meager shield indeed against tort liability." *Kennewick*, 880 F.2d at 1029.

8

Plaintiffs cite *Walters v. Flint*, Opp'n at 18, but do not realize they are inviting the Court to make the same mistake that the *Walters* court corrected in that very opinion, 627 F. Supp. 3d 734, 740 (E.D. Mich. 2022) ("[The United States'] primary argument is that the Court inappropriately relied on the EPA's actual negligence to hold that its conduct was not shielded [under DFE]. *The Court has carefully considered this argument and agrees that 'allegations of negligence are irrelevant' in discretionary function analysis. . . . To the extent the* [prior] Order *is inconsistent with that rule, it is reconsidered here*.") (emphasis added).

The answer is no different simply because Plaintiffs assert negligence under a Good Samaritan—also known as a negligent undertaking—theory. *Compare* Opp'n at 18-20, *with Strand v. United States*, 233 F. Supp. 3d 446, 459 (D. Md. 2017) ("Courts have consistently held that application of the voluntary undertaking doctrine does not prevent the application of the discretionary function exception.") (collecting cases); *see also Varig Airlines*, 467 U.S. 797, 803–04, 821 (1984) (reversing Ninth Circuit and holding that the DFE barred plaintiffs' Good Samaritan claim). Again, Plaintiffs' argument—including citing *Olson* and *Williams*—conflates two distinct FTCA concepts: (1) the private analog requirement; and (2) 28 U.S.C. § 2680's exceptions to the FTCA's waiver of sovereign immunity. *See supra* at 6-7.

B. <u>Plaintiffs Do Not Identify Any Relevant, Mandatory, and Specific
Directives that Controlled the Challenged Conduct.</u>

Plaintiffs fail to identify a relevant, mandatory, or specific directive

controlling the challenged conduct underlying Plaintiffs' Failure-to-Remediate and

Failure-to-Test Claims. Therefore, the Court should hold that prong one of DFE is

met with respect to these claims, as it indicated it was inclined to do during the

February 2, 2024 hearing in *Feindt*.

1. *Prong One of DFE Is Met as to the Failure-to-Remediate Claim.*

Plaintiffs' Failure-to-Remediate Claim challenges the Navy's use of the

flushing protocol to remediate Plaintiffs' homes, instead of relacing Plaintiffs'

pipes and hot water heaters. *See* Opp'n at 22. Commander Bingham has testified,

under oath, that no federal directives required the Navy to take a particular

approach to remediating Plaintiffs' homes. Bingham Decl. ¶¶ 7–9, 11.

Plaintiffs' counterarguments—the same as those asserted in *Feindt*—are

unpersuasive. Plaintiffs extensively cite the Clean Water Act (CWA) and its

regulations, Opp'n at 5, 6, 21, 22, but the CWA has no bearing on ***in-home***

remediation, because it regulates only discharges to "waters of the United States."[2]

Moreover, none of the CWA's provisions constitute a *specific* directive to replace

residents' piping and water heaters, as Plaintiffs now demand. *See Waverley View*

---

[2] This Motion does not target Plaintiffs' allegation that the United States
negligently released contaminated water into yards or drains. *E.g.*, Compl. ¶ 92(g).

*Invs., LLC v. United States*, 79 F. Supp. 3d 563, 571 (D. Md. 2015 (in a case

involving contaminated drinking water, holding that the CWA did not defeat DFE

because it "is at best, uncertain whether that Act applies" and also lacked

specificity). The same holds for the regulations cited by Plaintiffs concerning

underground storage tank release reporting and cleanup. Opp'n at 21-22.

Notably, Plaintiffs *concede* that the United States had discretion to develop

the flushing protocol. *See id.* at 22. If that is the case, then logically the United

States also had the discretion to determine whether to go above and beyond the

protocol by replacing piping and water heaters (as Plaintiffs now demand). *Id.*

In sum, while Plaintiffs may believe that the Navy should have remediated

homes differently, they cannot, and do not, identify any federal policy *mandating*

that the Navy had no choice but to take Plaintiffs' preferred approach. *Berkovitz v.*

*United States*, 486 U.S. 531, 536 (1988) (under prong one, the DFE "will not apply

when a federal statute, regulation, or policy specifically prescribes a course of

action for an employee to follow" leaving "the employee has no rightful option but

to adhere to the directive"). Therefore, DFE prong one is met as to the Failure-to-

Remediate Claim.

2.  *Prong One of DFE Is Met as to the Failure-to-Test Claim.*

The Court should hold the same with respect to Plaintiffs' Failure-to-Test

Claim, which takes issue with the United States' decision to analyze certain

11

samples for TOCs instead of for TPH-d. Mot. at 16. In support of its Motion, the

United States provided sworn testimony that explained why the Navy decided to

test for TOCs instead for TPH-d, including explaining that there was no

requirement to analyze these samples for TPH-d. Eng Decl. ¶¶ 5, 7-10. In response,

Plaintiffs limit their argument to one perfunctory paragraph devoid of any analysis

or identification of which directive Plaintiffs contend required the Navy to analyze

the samples for TPH-d. Opp'n at 23. This cannot defeat DFE, especially in the face

of the United States' contrary evidentiary support. *Colwell*, 558 F.3d at 1121.[3]

    C. <u>The Conduct at Issue Was Susceptible to Competing Policy
Considerations. Therefore, Prong Two of DFE Is Met.</u>

The United States' opening motion explains that both decisions at issue—

how to remediate Plaintiffs' homes and to analyze certain water samples for

TOCs—were susceptible to competing policy considerations. Mot. at 14-18;

Bingham Decl. ¶ 10; Eng. Decl. ¶¶ 5, 7-10; *see also GATX/Airlog Co. v. United*

*States*, 286 F.3d 1168, 1174 (9th Cir. 2002) (the challenged conduct "'need not

*actually* be grounded in policy considerations' so long as it is, 'by its nature,

susceptible to a policy analysis.'") (citation omitted). "This weighing of practical

and policy considerations represents the kind of policy judgment that Congress

---

[3] Even if Plaintiffs made the same DFE prong one arguments for their Failure-to-Test Claim as in *Feindt*, such arguments would not have been persuasive, as explained in the United States' *Feindt* briefing. *Feindt*, ECF No. 228 at 10-12.

intended to protect through the discretionary function exception to the FTCA."

*Marlys Bear Medicine v. U.S. ex rel. Sec'y of Dep't of Interior*, 241 F.3d 1208,

1214 (9th Cir. 2001); *see also Nanouk v. United States*, 974 F.3d 941, 948 (9th Cir.

2020) (second prong satisfied where "the military adopted a triage system for

addressing a large number of simultaneous demands on finite resources, a policy

judgment that necessarily involved the weighing of competing social, economic,

and political considerations"); Mot. at 14-15 (collecting cases).

Plaintiffs misstate Ninth Circuit precedent to argue that decisions

implicating safety considerations can never meet the DFE's second prong. Opp'n

at 24–26 (discussing, *inter alia*, *Whisnant v. United States*, 400 F.3d 1177, 1182-83

(9th Cir. 2005)). In fact, the Ninth Circuit has made clear that "where there is even

*one* policy reason why officials may decide not to take a particular course of action

to address a safety concern, the [discretionary function] exception applies." *Chadd*,

794 F.3d at 1112); *see also Nanouk*, 974 F.3d at 949 ("particularly when the

government is charged with acting or failing to act in a way that jeopardizes safety,

there must be a legitimate *policy* consideration on the other side of the balance

before the discretionary function exception can be held to apply").

In this case, there were competing policy considerations that made the

United States' challenged conduct susceptible to policy analysis. With respect to

the Failure-to-Test Claim, the Navy balanced the need to move quickly in response

to the November 2021 spill with the fact that TPH-d analysis—which Plaintiffs now contend should have been done—would have required sending the samples off-island to third-party laboratories with limited capacity, resulting in delays of up to two weeks. Eng. Decl. ¶ 7. Given these competing considerations, the Navy elected to utilize its existing on-island laboratory to analyze for the samples for TOCs as a screening tool to target locations for additional, more time-intensive TPH-d analysis. *Id.* ¶ 8. In hindsight, Plaintiffs contend the Navy should have balanced these considerations differently and sent these samples off-island for TPH-d analysis, but that is precisely that type of "judicial 'second-guessing'" Congress enacted the DFE to prevent. *Varig Airlines*, 467 U.S. at 814; *Bailey*, 623 F.3d at 863 ("In hindsight it may be easy to say the Corps should have replaced the signs sooner, but that is exactly the judicial second-guessing of government decision-making that the discretionary function exception is designed to prevent.").

As for the Failure-to-Remediate Claim, Plaintiffs invite the Court to second-guess the Navy's decision to remediate homes by using the flushing protocol approved by the regulators and not (as Plaintiffs contend) by replacing all the piping and water heaters on the JBPHH water system. Mot. at 14-16; Bingham Decl. ¶¶ 7-10. The Navy's residential flushing decisions were susceptible to—and the actual result of—policy analysis, including how best to remediate every home on the JBPHH water system efficiently and effectively given the exigent

14

circumstances and the limitations of personnel, resources, and time. Bingham Decl.

¶¶ 10-11; Mot. at 14-16 (collecting cases); *Bailey*, 623 F.3d at 863.

In conclusion, the conduct underlying Plaintiffs' Failure-to-Remediate and

Failure-to-Test Claims was susceptible to—and the actual result of—balancing of

competing policy considerations, and therefore satisfy prong two of DFE.

## CONCLUSION

For the reasons set forth above and in the United States' opening Motion, the

Court should dismiss Plaintiffs' (1) Failure-to-Warn Claim under the FTCA's

misrepresentation exception; and (2) Failure-to-Remediate and Failure-to-Test

Claims under the FTCA's discretionary function exception.

Dated: February 14, 2024              Respectfully submitted,

                                      BRIAN BOYNTON
                                       Principal Deputy Assistant Attorney
                                       General, Civil Division

                                      AUGUST FLENTJE
                                      Special Counsel
                                      Torts Branch

                                      J. PATRICK GLYNN
                                      Director

                                      CHRISTINA FALK
                                      Assistant Director

                                      /s/ Eric Rey
                                      ERIC REY (DC Bar # 988615)
                                      MARIANNE KIES

15

Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
1100 L Street, NW
Washington, DC 20005
Phone: 202-616-4224
E-mail: eric.a.rey@usdoj.gov

16

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, a true and correct copy of the foregoing was filed and served on counsel of record via the U.S. District Court's CM/ECF electronic filing system.

_/s/ Eric Rey_
Eric Rey
