```
                   UNITED STATES DISTRICT COURT

                        DISTRICT OF HAWAII

JESSICA WHALEY, AMANDA FEINDT,       CIV. NO. 23-00457 LEK-KJM
ELIZABETH THOMPSON-WATSON, BRIAN
JESSUP, DUSTIN WALLACE,

              Plaintiffs,

    vs.

UNITED STATES OF AMERICA,

              Defendant.
```

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S PARTIAL MOTION TO DISMISS COMPLAINT [ECF NO. 1]**

Before the Court is Defendant United States of America's ("Defendant" or "United States") Partial Motion to Dismiss Complaint [ECF No. 1] ("Motion"), filed on January 16, 2024. [Dkt. no. 21.] Plaintiffs Jessica Whaley, Amanda Feindt, Elizabeth Thompson-Watson, Brian Jessup, and Dustin Wallace ("Plaintiffs") filed their memorandum in opposition on January 30, 2024, and Defendant filed its reply on February 14, 2024. [Dkt. nos. 31, 38.] The parties stipulated to file the same supplemental briefing that this Court ordered in the related case, Feindt, et al. v. United States, CV 22-00397 LEK-KJM ("Feindt"), because it is also relevant to the instant Motion. See Stipulated Order Regarding Effect of Supplemental Briefing on Motion to Dismiss in Related Case (Feindt), filed 2/21/24 (dkt. no. 41). Defendant filed its supplemental brief on

February 28, 2024 ("Supplemental Brief"), and Plaintiffs filed their supplemental brief in response on March 6, 2024 ("Supplemental Response"). [Dkt. nos. 45, 47.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Defendant's Motion is hereby granted insofar as the portions of Counts I and II alleging failure to properly test water samples for petroleum are dismissed with prejudice, and the portion of Count II alleging failure to properly remediate affected homes, and the portions of Counts I and II alleging failure to test for petroleum are dismissed. The Motion is denied insofar as the portion of Count II alleging failure to properly remediate affected homes, and the portions of Counts I and II alleging failure to test for petroleum are dismissed without prejudice.

## BACKGROUND

This case arises out of the May 6 and November 20, 2021 fuel leaks from the United States Navy's ("the Navy") Red Hill Bulk Fuel Storage Facility on Joint Base Pearl Harbor-Hickam ("Red Hill" and "JBPHH"). [Complaint, filed 11/9/23 (dkt. no. 1), at ¶¶ 4, 6, 9.] Defendant was allegedly negligent in releasing fuel into the water supply, and it failed to disclose the leaks to affected parties as required, including Plaintiffs,

2

who ingested the affected water. [Id. at ¶¶ 2, 4, 29, 92.f, 106.f.] Relevant to this Motion, Plaintiffs allege federal officers failed to warn residents of the danger, and only admitted on December 2, 2021 that the November 2021 spills contaminated the water. [Id. at ¶¶ 29-30, 38.] Further, Plaintiffs allege that Defendant failed to properly remediate affected homes, [id. at ¶ 106.i], and "failed to test water samples for petroleum," [id. at ¶¶ 92.i, 106.j.]

Defendant's Motion asks this Court to dismiss the following claims for lack of subject matter jurisdiction: (1) the portion of Counts I and II[1] alleging failure to warn; (2) the portion of Count II[2] alleging failure to properly

---

[1] In Count I, Plaintiffs' negligence claim, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care at Red Hill" because, among other things, "[o]fficers failed to warn residents that the leaks had occurred in violation of federal and state law." [Complaint at ¶ 92.f.] In Count II, Plaintiffs' negligent undertaking claim, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care after an undertaking" because, among other things, "[o]fficers failed to warn residents that the leaks had occurred in violation of federal and state law." [Id. at ¶ 106.f.] In Count V, Plaintiffs' premises liability and duty to control force claim, Plaintiffs' allege "the government failed to warn of a known but latent hazardous condition," "failed to warn residents of the May 2021 leak altogether," and "failed to give a warning which was reasonably adequate to enable plaintiffs to protect themselves." [Id. at ¶¶ 137, 141, 145.]

[2] In Count II, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care after an undertaking" because, among other things, "[o]fficers failed to properly remediate affected homes." [Complaint at ¶ 106.i.]

3

remediate affected homes and (3) the portions of Counts I and II[3] alleging failure to test water samples for petroleum. Regarding the failure to warn portions of Counts I and II, Defendant argues it is entitled to sovereign immunity pursuant to the Federal Tort Claims Act's ("FTCA") misrepresentation exception codified at Title 28 United States Code Section 2680(h). Regarding the failure to properly remediate homes and the failure to test portions of Counts I and II, Defendant argues it is entitled to sovereign immunity pursuant to the FTCA's discretionary function exception codified at Section 2680(a). [Motion at 2.] In the alternative, Defendant argues that the failure to properly remediate homes and the failure to test portions of Counts I and II should be dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). [Motion, Mem. in Supp. at 12-13, 16.]

---

[3] In Count I, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care at Red Hill" because, among other things, "[o]fficers failed to test water samples for petroleum and destroyed water samples from affected homes." [Complaint at ¶ 92.i.] In Count II, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care after an undertaking" because, among other things, "[o]fficers failed to test water samples for petroleum and destroyed water samples from affected homes." [Id. at ¶ 106.j.]

**STANDARD**

I. **Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to move for dismissal of an action for "lack of subject-matter jurisdiction[.]" "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Leite v. Crane, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation and internal quotation marks omitted). "A 'factual' attack . . . contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Id. (citations omitted).

Defendant's challenge to the failure to warn claims pursuant to the misrepresentation exception is a facial attack. "In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction, and a complaint's factual allegations are taken as true and construed in the light most favorable to the nonmoving party." McCoy v. Hawai`i Dep't of Hum. Serv., CIV. NO. 21-00063 LEK-RT, 2021 WL 5040197, at *3 (D. Hawai`i Oct. 29, 2021) (citations omitted).

5

## II. Federal Rule of Civil Procedure 12(b)(6)

The Ninth Circuit has described the standard applicable to a motion under Rule 12(b)(6) as follows:

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the [plaintiff's] factual allegations "must . . . suggest that the claim has at least a plausible chance of success." In re Century Aluminum [Co. Sec. Litig.], 729 F.3d [1104,] 1107 [(9th Cir. 2013)]. In other words, their complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).
>
> Following Iqbal and Twombly, . . . . we have settled on a two-step process for evaluating pleadings:
>
>> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.
>
> [Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)] (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). In all cases, evaluating a complaint's plausibility is a "context-specific" endeavor that requires courts to "draw on . . . judicial

6

>   experience and common sense." Id. at 995-96 (internal quotation marks omitted).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014) (some alterations in Levitt). This Court is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

## DISCUSSION

### I. Failure to Warn Claims

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity. If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." Esquivel v. United States, 21 F.4th 565, 572-73 (9th Cir. 2021) (citations and internal quotation marks omitted).

>   The FTCA generally waives the United States' sovereign immunity and permits tort suits for damages against the government "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; Esquivel v. United States, 21 F.4th 565, 572-73 (9th Cir. 2021). Specifically, the FTCA grants district courts jurisdiction over civil actions for money damages for negligent or wrongful acts or omissions of government employees acting in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Esquivel, 21 F.4th at 572-73.

7

Agustin v. United States, Civ. No. 22-00167 JMS-WRP, 2023 WL 160076, at *3 (D. Hawai`i Jan. 11, 2023) (footnote omitted). However, the United States did not waive sovereign immunity for all tort claims: the misrepresentation exception codified at Title 28 United States Code Section 2680(h) is an important exception at issue here.

      The FTCA's misrepresentation exception absolutely bars "claims against the United States for fraud or misrepresentation by a federal officer." Kim v. United States, 940 F.3d 484, 492 (9th Cir. 2019) (quotation marks and citation omitted). "The misrepresentation exception shields government employees from tort liability for failure to communicate information, whether negligent, or intentional." Lawrence v. United States, 340 F.3d 952, 958 (9th. Cir. 2003) (citation omitted). The misrepresentation exception applies to affirmative misstatements as well as omissions. See Green v. United States, 629 F.2d 581, 584-85 (9th Cir. 1980) (holding "the misrepresentation exception precludes liability where the plaintiff suffers economic loss as a result of a commercial decision which was based on a misrepresentation by government consisting either of false statements or a failure to provide information which it had a duty to provide").

On January 11, 2024, this Court issued its Order Granting in Part and Denying in Part Defendant's Partial Motion to Dismiss Fourth Amended Complaint [ECF No. 121], [Filed 6/27/23 (Dkt. No. 129)] in Feindt, which addressed the FTCA's misrepresentation exception in an analogous circumstance ("Feindt Misrepresentation Exception Order"). [Feindt, dkt. no. 227.[4]] In the Feindt Misrepresentation Exception Order, this Court concluded that the misrepresentation exception applied to the failure to warn claims in Feindt, except the failure to warn claim that implicated a premises liability theory. This Court dismissed the failure to warn claims that did not implicate a premises liability theory. See Feindt Misrepresentation Exception Order, 2024 WL 126882 at *3-7.

As in Feindt, the failure to warn claims at issue in Counts I, II, and V involve "the type of failure to communicate information within the scope of the misrepresentation exception." See id. at *4. In Counts I and II, Plaintiffs allege "[o]fficers failed to warn residents that the leaks had occurred in violation of federal and state law" as one of many theories of negligence. See Complaint at ¶¶ 92.f, 106.f. Plaintiffs also bring a failure to warn claim in Count V, their premises liability claim. [Complaint at ¶¶ 137, 141, 145.]

---

[4] The Feindt Misrepresentation Exception Order is also available at 2024 WL 126882.

Plaintiffs here make the same argument that the plaintiffs in Feindt made: that the misrepresentation exception does not apply because the failure to warn claims arise primarily from the negligent performance of an operational task, and misrepresentations are only collaterally involved. See Mem. in Opp. at 14-17; Feindt Misrepresentation Exception Order, 2024 WL 126882, at *5. Adopting the reasoning in Feindt, the Court rejects Plaintiffs' argument, and concludes that, because communication of information (or lack thereof) was not collaterally involved in Plaintiffs' failure to warn claims, Plaintiffs' argument that the misrepresentation exception under Section 2680(h) does not apply on this basis fails. See Feindt Misrepresentation Exception Order, 2024 WL 126882, at *6.

Further, Plaintiffs argue their failure to warn claims can proceed under their premises liability cause of action, as this Court held in Feindt. See Mem. in Opp. at 17-18; Feindt Misrepresentation Exception Order, 2024 WL 126882, at *7. Defendant does not ask this Court to dismiss Plaintiffs' failure to warn claims brought in Count V – the premises liability claim – but rather the failure to warn claims brought in Counts I and II as duplicative of the claims brought in Count V. [Motion, Mem. in Supp. at 8.] All three failure to warn claims are based on the same set of facts, and the claims can only proceed under a premises liability theory. See Feindt Misrepresentation

10

Exception Order, 2024 WL 126882 at *6-7, 9. The failure to warn claims are barred by the misrepresentation exception to the extent that such claims are not based on a premises liability claim. Because the failure to warn portion of Count V is expressly brought under a premises liability theory, the Court declines to construe the failure to warn portions of Count I and II as being brought under a premises liability theory. To the extent that the portions of Counts I and II alleging failure to warn are based on a premises liability theory, the Court dismisses the failure to warn portions of Counts I and II as duplicative of the failure to warn portion of Count V. See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." (citation omitted)).

     Defendant's Motion is granted insofar as the portions of Counts I and II asserting failure to warn claims are dismissed. Because amendment cannot cure the defect in the failure to warn claims in Counts I and II, the failure to warn portions of those claims must be dismissed with prejudice. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could

11

not be saved by amendment." (quotation marks and citation omitted)).

## II. Failure to Remediate Affected Homes and Failure to Test Claims

Plaintiffs' failure to properly remediate affected homes claim in Count II, and Plaintiffs' failure to test water samples for petroleum claims in Counts I and II are not supported by any factual allegations. See generally, Complaint at ¶¶ 89-110. Because the Complaint fails to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable" for the failure to properly remediate affected homes and failure to test water samples for petroleum, these portions of Counts I and II must be dismissed. See Iqbal, 556 U.S. at 678. However, because amendment could cure the defects in those portions of Counts I and II, Plaintiffs are granted leave to amend those portions of Counts I and II. See Hoang, 910 F.3d at 1102. Any amendment of those portions of Counts I and II must comply with the legal principles articulated in the Court's orders in Feindt regarding the FTCA's discretionary function exception. See Feindt, Order Granting in Part and Denying in Part Defendant's Partial Motion to Dismiss Fifth Amended Complaint [ECF NO. 210] and Directing Further Briefing, filed 2/14/24 (dkt no. 275) ("Feindt 2/14

12

Order");[5] id., Order Granting in Part and Denying in Part the Remainder of Defendant's Partial Motion to Dismiss Fifth Amended Complaint [ECF No. 210], filed 3/21/24 (dkt. no. 323) ("Feindt 3/21 Order").[6]

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss Complaint [ECF No. 1], filed January 16, 2024, is HEREBY GRANTED IN PART IN PART AND DENIED IN PART. The Motion is GRANTED insofar as: the portions of Counts I and II alleging failure to warn are DISMISSED WITH PREJUDICE; and the portion of Count II alleging failure to remediate affected homes, and the portions of Counts I and II alleging failure to test are DISMISSED. The Motion is DENIED insofar as the dismissal of the portion of Count II alleging failure to remediate affected homes, and the portions of Counts I and II alleging failure to test is WITHOUT PREJUDICE. Plaintiffs are GRANTED leave to file their amended complaint by **April 29, 2024**. Plaintiffs' leave to amend is limited to addressing the defects identified in this Order. Plaintiffs are not permitted to add other parties, claims, or theories of liability.

IT IS SO ORDERED.

---

[5] The Feindt 2/14 Order is also available at 2024 WL 624021.

[6] The Feindt 3/21 Order is also available at 2024 WL 1210911.

DATED AT HONOLULU, HAWAII, March 28, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JESSICA WHALEY, ET AL. V. UNITED STATES OF AMERICA; CV 23-00457 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS COMPLAINT [ECF NO. 1]