LYLE S. HOSODA           3964-0
KOURTNEY H. WONG         10827-0
SPENCER J. LAU           11105-0
*Hosoda Law Group, AAL, ALC*
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone:   (808) 524-3700
Facsimile:   (808) 524-3838
Email: lsh@hosodalaw.com; khw@hosodalaw.com; sjl@hosodalaw.com

KRISTINA S. BAEHR        *Pro Hac Vice*
JAMES BAEHR              *Pro Hac Vice*
MARY M. NEUSEL           *Pro Hac Vice*
JUST WELL LAW, PLLC
2606 W 8th St, Unit 2
Austin, TX 78703
Telephone: (512) 693-8029
Email: kristina@well.law; jim@well.law; maggie@well.law

FREDERICK C. BAKER       *Pro Hac Vice*
JAMES W. LEDLIE          *Pro Hac Vice*
KRISTEN HERMIZ           *Pro Hac Vice*
CYNTHIA A. SOLOMON       *Pro Hac Vice*
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
Email: fbaker@motleyrice.com; jledlie@motleyrice.com; khermiz@motleyrice.com; csolomon@motleyrice.com;

*Attorneys for Plaintiffs*

ELLIOT ENOKI #1528
Executive Assistant U.S. Attorney
District of Hawaii
Attorney for the United States, Acting
under Authority Conferred by 28 U.S.C. § 515
SYDNEY SPECTOR #11232

(*caption continued on next page*)

Assistant U.S. Attorney

J. PATRICK GLYNN, Director
CHRISTINA FALK, Assistant Director
ERIC REY, Trial Attorney
Environmental Tort Litigation
Civil Division, U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Tel: (202) 616-4224
Fax: (202) 616-4473
Email: eric.a.rey@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESSICA WHALEY. et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL NO. 1:23-cv-00457-LEK-KJM<br><br>STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER<br><br>JUDGE: Hon. Leslie E. Kobayashi<br>TRIAL DATE: May 12, 2025 |

STIPULATED CLAWBACK AGREEMENT
AND FEDERAL RULE OF EVIDENCE 502(d) ORDER

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of

Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's

inherent authority that the production of a document, or part of a document, shall

not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege.  Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

    The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.  However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**I.     DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**II.    PROCEDURES**

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return the document or destroy it and certify that it has been destroyed to the producing party.  The receiving party must also promptly identify, sequester, and destroy any notes taken about the document. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3.      The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4.      Upon receiving the privilege notice, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5.      If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

DATED: Honolulu, Hawaii, March 29, 2024.

By: /s/ Kristina Baehr
KRISTINA BAEHR
Just Well Law, PLLC

*Attorney for Plaintiffs*

/s/ Eric Rey
ERIC REY
Trial Attorney
Environmental Tort Litigation Section
Civil Division
U.S. Department of Justice

*Attorney for Defendant United States of America*

APPROVED AND SO ORDERED:

DATED: Honolulu, Hawaii, March 29, 2024.

Kenneth J. Mansfield
United States Magistrate Judge

*Whaley, et al. vs. United States of America*, 1:23-cv-00457-LEK-KJM; "Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order."