IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 22-00397 LEK-KJM<br><br>BELLWETHER TRIAL:<br>April 29, 2024<br><br>JUDGE: Hon. Leslie E. Kobayashi |
| JESSICA WHALEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 23-00457 LEK-KJM<br><br>TRIAL DATE: May 12, 2025<br>JUDGE: Hon. Leslie E. Kobayashi |
| JACLYN HUGHES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 24-00059 LEK-KJM<br><br>TRIAL DATE: Not Set<br>JUDGE: Hon. Leslie E. Kobayashi |

ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO ENTER A DISCOVERY COORDINATION ORDER AND A PROTECTIVE ORDER

On March 8, 2024, Defendant United States of America (the "Government") filed a Motion to Enter a Discovery Coordination Order and a Protective Order ("Motion").  ECF No. 312.[1]  On March 20, 2024, Plaintiffs filed their Response to the Motion ("Opposition").  ECF No. 322.  On March 27, 2024, the Government filed its Reply.  ECF No. 325.

The Court held a hearing on the Motion on April 10, 2024.  ECF No. 412. Eric A. Rey, Esq., Caroline Stanton, Esq., and Lucas R. White, Esq., appeared on behalf of the Government.  Frederick C. Baker, Esq., James Baehr, Esq., Kristina Baehr, Esq., Lyle S. Hosoda, Esq., and Mary M. Neusel, Esq., appeared on behalf of Plaintiffs.

After carefully considering the Motion, memoranda, applicable law, record in this case, and arguments of counsel, the Court GRANTS the Motion for the reasons set forth below.

---

[1] The Government filed this Motion in three cases:  (1) *Feindt, et al. v. United States of America*, Civil No. 22-00397 LEK-KJM; (2) *Whaley v. United States of America*, Civil No. 23-00457 LEK-KJM; and (3) *Hughes v. United States of America*, Civil No. 24-00059 LEK-KJM.  The Court has since consolidated these cases for all purposes.  Accordingly, the Court cites only to the *Feindt* docket.

BACKGROUND

The parties and the Court are familiar with the facts and issues in this case. The undersigned is very familiar with these cases, having spent extensive time with counsel for Plaintiffs and the Government regarding case management, discovery motions, and settlement conferences. The assigned district judge has also issued extensive rulings on numerous dispositive issues, and she will try the bellwether trial in *Feindt* beginning on April 29, 2024.

There are currently six pending Federal Tort Claims Act cases arising from the 2021 fuel leaks from the Red Hill Bulk Fuel Storage Facility. In addition to the three consolidated cases in this matter, there are three other lawsuits: *Williams v. United States*, Civil No. 22-00028 LEK-KJM; *Wyatt v. United States*, Civil No. 23-00065 LEK-KJM; and *Alaimaleata v. United States*, Civil No. 23-00164 LEK-KJM. This Court has previously ordered the parties in *Williams, Wyatt,* and *Alaimaleata* to coordinate discovery because "in related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication." ECF No. 312-2 at 4 (brackets and citations omitted). The Court subsequently entered a Discovery Coordination Order. ECF No. 312-3.

The Discovery Coordination Order provides, among other things, that the plaintiffs in *each* case may serve 35 Requests for Admission, serve 25 Requests for Answers to Interrogatories, designate five Government document custodians,

notice 10 Rule 30(b)(1) depositions, and notice 10 Rule 30(b)(6) topics.  ECF Nos. 312-1 at 7; 312-3 at 5–7.  The Discovery Coordination Order also provides that discovery the Government produces in any case could be treated as if it had been produced in each case.  *Id.*

In the Motion, the Government proposes a coordinated discovery protocol, arguing that, in related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication.  ECF No. 312-1 at 5.  The Government also seeks a protective order delaying certain depositions and written discovery until 30 days after the Court resolves this Motion.  *Id.*

## LEGAL STANDARD

District courts have broad discretion to manage pretrial litigation and oversee discovery.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation[.]").  Under Federal Rule of Civil Procedure 42(a), if pending actions "involve a common question of law or fact," courts can "[i]ssue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a)(3).  Additionally, Federal Rule of Civil Procedure 16 gives courts broad discretion to take appropriate action on, among other things, (1) "controlling and scheduling discovery," (2) "adopting special procedures for managing potentially difficult or protracted actions" that may involve multiple parties, and (3) "facilitating in other

ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F), (L), (P).

## DISCUSSION

I.   Discovery Coordination

Plaintiffs agree with coordinating discovery, but disagree with the limitations proposed by the Government.  ECF No. 322 at 4.  Because the *Feindt, Whaley,* and *Hughes* Plaintiffs are represented by the same counsel, the Government contends that additional discovery should be subject to the limits for one case established in the Discovery Coordination Order filed in the *Williams, Wyatt,* and *Alaimaleata* cases.  ECF No. 312-1 at 10–15.  Plaintiffs seek to triple the discovery limits because they filed three separate lawsuits.  ECF No. 322 at 8–9.

The Government argues that Plaintiffs' position is "infeasible and impractical."  ECF No. 312-1 at 11.  The Government argues that Plaintiffs' proposal would have the effect of doubling the Government's discovery burdens and would incentivize counsel to file separate lawsuits in the future.  *Id.* at 11–13.  In addition, the Government argues that its discovery coordination proposal "strikes a balance of several interests:  (1) Plaintiffs receive the benefit of more discovery from the [Government] than they would otherwise receive in their individual cases; (2) the [Government] avoids duplicative discovery demands;

5

(3) the Court benefits from fewer duplicative discovery disputes; and (4) all three constituency benefit from a more efficient discovery process." *Id.* at 14.  The Court finds the Government's arguments persuasive.

Coordination of discovery across these separate mass tort cases in the manner being proposed will promote judicial efficiency, reduce the risk of inconsistent pretrial rulings across cases, and minimize duplicative discovery (and the inevitable disputes that will cause) without imposing on the litigants' due process rights.  The Court thus finds that a coordinated discovery effort will further the aims of Federal Rule of Civil Procedure 1 in promoting "the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

"[T]he parties share the responsibility to employ the rules" to achieve these ends.  Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.  Chief Justice John G. Roberts, Jr., noted that Rule 1 was expanded in 2015 to "express the obligation of judges and lawyers to work cooperatively in controlling the expense and time demands of litigation" and to highlight that lawyers "have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes."  2015 Year-End Report on the Federal Judiciary at 6, *available at* https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

6

The Court finds that the Government's proposed discovery coordination protocol is reasonable and proportionate to the needs of this case at this stage in the litigation.  *See* Fed. R. Civ. P. 26(b)(1) (proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit").  The parties have already taken exhaustive discovery in preparation for the *Feindt* bellwether trial beginning on April 29, 2024.[2]  To be sure, adding plaintiffs does not, without more, increase the amount of discoverable information from the Government.  In addition, the district court will issue findings of fact and conclusions of law after the upcoming bellwether trial, which should narrow the scope of disputed issues in all cases.  Under the circumstances, the additional discovery does not defeat the purpose of the agreed-upon bellwether process.

Accordingly, the Government will be subject to a total of 140 Requests for Admission, 100 Interrogatories, 20 document custodians, 40 depositions (including extra hours and repeated witnesses), and 40 Rule 30(b)(6) deposition topics across

---

[2] The Government states that it has (1) produced over 710,000 pages of documents, (2) responded to 170 Requests for Production, 15 Requests for Admission, and 12 Interrogatories, and (3) produced 27 current or former Government employees for deposition.  ECF No. 312-1 at 6.

7

the six pending lawsuits. This will be in addition to the discovery conducted thus far in *Feindt*.

For the foregoing reasons, the Court grants the Motion as to the Government's request for a discovery coordination order. The Court will separately enter a discovery coordination order reflecting the findings herein.

The Court notes that the Government indicated at the hearing that the goal is to move forward with the proceedings, and that the Government would be open to discussing additional discovery should the cases not resolve. To this end, the Court may revisit the discovery limits set forth in the forthcoming discovery coordination order. Plaintiffs may also file a motion requesting additional discovery if warranted under Rule 26(b)(1).

II.     The Government's Request for a Protective Order

The Government seeks a protective order delaying certain depositions and written discovery under 30 days after the Court resolves this Motion. ECF No. 312-1 at 15–17. Plaintiffs argue that the Government's requested protective order is moot, because the Government failed to timely respond to Requests for Admissions. ECF No. 322 at 10–11.

The Court exercises its discretion to control the timing and manner of discovery and grants a protective order delaying the Government's responses to the additional deposition notices, Requests for Admission, and Requests for Answers

to Interrogatories until May 31, 2024.  *See e.g.*, *Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995) (party served with a request for admissions has a duty to (i) respond, (ii) object, or (iii) move for a protective order).

III.   Plaintiffs' Request for the Sherry Eng and Christopher Cavanaugh Files

The Court denies Plaintiffs' procedurally improper request, in their Opposition, for an order compelling production of the Sherry Eng and Christopher Cavanaugh files.  This request violates Local Rules 7.7, 7.8, and 37.1(a).

CONCLUSION

Based on the foregoing, the Court GRANTS Defendant United States' Motion to Enter a Discovery Coordination Order and a Protective Order (ECF No. 312).  The Court will separately enter a discovery coordination order reflecting the findings herein.  In addition, the Court GRANTS a protective order delaying the Government's responses to the additional deposition notices, Requests for Admission, and Requests for Answers to Interrogatories until May 31, 2024.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 29, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Feindt, et al. v. USA*; Civil No. 22-00397 LEK-KJM; Order Granting Defendant United States' Motion to Enter a Discovery Coordination Order and a Protective Order