REVERE & ASSOCIATES, LLLC
TERRANCE M. REVERE          5857
PAUL V.K. SMITH             5891
Pali Palms Plaza
970 North Kalaheo Ave., #A301
Kailua, HI  96734
Telephone No:  808-791-9550
terry@revereandassociates.com
paul@revereandassociates.com

MICHAEL JAY GREEN & ASSOCIATES, INC.
MICHAEL JAY GREEN          4451
841 Bishop St., #2201
Honolulu, HI 96813
Telephone No.:  808-521-3336
michael@michaeljaygreen.com

Attorneys for Plaintiffs
DORIS FLORES, DENÉ SHAFER HARRIS,
MEGAN HERNANDEZ, ALIM HIGGINS,
SEAN HIGGINS, MATTHEW BRYAN
JACKSON, MOKIHANA LAYSA, MEGAN
KILPATRICK, TABITHA LAKEY, AUDREY
LAMAGNA, PAYTON LAMB, SANDRA
YULIETH LANCHEROS-PINEDA, SHELBY
LAW, BENJAMIN LENTINE, MORGANN
LENTINE

**Electronically Filed
FIRST CIRCUIT
1CCV-23-0001433
06-NOV-2023
09:53 AM
Dkt. 1 CMP**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DORIS FLORES, DENÉ SHAFER HARRIS, MEGAN HERNANDEZ, ALIM HIGGINS, SEAN HIGGINS, MATTHEW BRYAN JACKSON, MOKIHANA LAYSA, MEGAN KILPATRICK, TABITHA LAKEY, AUDREY LAMAGNA, PAYTON LAMB, SANDRA YULIETH LANCHEROS-PINEDA, SHELBY LAW, BENJAMIN LENTINE, MORGANN LENTINE,<br><br>        Plaintiffs,<br><br>    vs. | Civil No.: _____<br>(Other Non-Vehicle Tort)<br><br>**PLAINTIFFS DORIS FLORES, DENÉ SHAFER HARRIS, MEGAN HERNANDEZ, ALIM HIGGINS, SEAN HIGGINS, MATTHEW BRYAN JACKSON, MOKIHANA LAYSA, MEGAN KILPATRICK, TABITHA LAKEY, AUDREY LAMAGNA, PAYTON LAMB, SANDRA YULIETH LANCHEROS-PINEDA, SHELBY LAW, BENJAMIN LENTINE, MORGANN** |

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC; and DOE Defendants 1-10,<br><br>Defendants. | LENTINE'S COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

**PLAINTIFFS DORIS FLORES, DENÉ SHAFER HARRIS, MEGAN HERNANDEZ, ALIM HIGGINS, SEAN HIGGINS, MATTHEW BRYAN JACKSON, MOKIHANA LAYSA, MEGAN KILPATRICK, TABITHA LAKEY, AUDREY LAMAGNA, PAYTON LAMB, SANDRA YULIETH LANCHEROS-PINEDA, SHELBY LAW, BENJAMIN LENTINE, MORGANN LENTINE COMPLAINT**

PLAINTIFFS DORIS FLORES, DENÉ SHAFER HARRIS, MEGAN HERNANDEZ, ALIM HIGGINS, SEAN HIGGINS, MATTHEW BRYAN JACKSON, MOKIHANA LAYSA, MEGAN KILPATRICK, TABITHA LAKEY, AUDREY LAMAGNA, PAYTON LAMB, SANDRA YULIETH LANCHEROS-PINEDA, SHELBY LAW, BENJAMIN LENTINE, MORGANN LENTINE (collectively, "Plaintiffs") allege the following action against Defendants OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC; and DOE Defendants 110 (collectively, "Landlords").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction and venue over the above Defendants under Hawaii Revised Statutes § 634-35, because the causes of action arise as the result of Defendants' business transactions within this state, Defendants' commission of alleged tortious acts and injuries within this state, and the Defendants' and Plaintiffs' use and possession of real property within this state. Defendants are subject to the jurisdiction of this Court because they reside and conduct business in this Circuit.

2.      Further, this Court has jurisdiction and venue under the terms of Defendants' lease agreements with Plaintiffs, which agree that Lease and contractual relationship between the parties will be construed exclusively in accordance with, and shall be exclusively governed by the

2

substantive laws of the State of Hawaii, including but not limited to Hawaii State Revised Statutes, chapter 521, and the common law interpreting those statutes.

3.     This Court has subject matter jurisdiction over this action under Hawai`i Revised Statute § 603-21.5.

4.     Venue is proper before this Court under Hawai`i Revised Statute § 603-36.

## PARTIES

5.     Plaintiff DORIS FLORES, at all material times herein, was a resident of Honolulu, Hawaii.

6.     Plaintiff DENÉ SHAFER HARRIS, at all material times herein, was a resident of Honolulu, Hawaii.

7.     Plaintiff MEGAN HERNANDEZ, at all material times herein, was a resident of Honolulu, Hawaii.

8.     Plaintiff ALIM HIGGINS, at all material times herein, was a resident of Honolulu, Hawaii.

9.     Plaintiff SEAN HIGGINS, at all material times herein, was a resident of Honolulu, Hawaii.

10.    Plaintiff MATTHEW BRYAN JACKSON, at all material times herein, was a resident of Honolulu, Hawaii.

11.    Plaintiff MOKIHANA LAYSA, at all material times herein, was a resident of Honolulu, Hawaii.

12.    Plaintiff MEGAN KILPATRICK, at all material times herein, was a resident of Honolulu, Hawaii.

13.    Plaintiff TABITHA LAKEY, at all material times herein, was a resident of

Honolulu, Hawaii.

14.    Plaintiff AUDREY LAMAGNA, at all material times herein, was a resident of Honolulu, Hawaii.

15.    Plaintiff PAYTON LAMB, at all material times herein, was a resident of Honolulu, Hawaii.

16.    Plaintiff SANDRA YULIETH LANCHEROS-PINEDA, at all material times herein, was a resident of Honolulu, Hawaii.

17.    Plaintiff SHELBY LAW, at all material times herein, was a resident of Honolulu, Hawaii.

18.    Plaintiff BENJAMIN LENTINE, at all material times herein, was a resident of Honolulu, Hawaii.

19.    Plaintiff MORGANN LENTINE, at all material times herein, was a resident of Honolulu, Hawaii.

20.    Plaintiffs are tenants who have leased residential housing within the City and County of Honolulu from Defendants and have been forcibly evicted from their homes due to contaminated drinking water caused by fuel leaks associated with the Red Hill Bulk Fuel Storage Facility ("Red Hill") maintained by the United States Department of the Navy.

21.    Plaintiffs are collectively referred to herein as "Tenants."

22.    Defendants are landlords and/or property managers who include:

     a.    Defendant Ohana Military Communities, LCC ("Ohana") is and has been at all relevant times a Hawaii corporation, having its principal place of business in the City and County of Honolulu, State of Hawaii.

4

b.      Defendant Hunt MH Property Management, LLC ("Hunt") acts as Ohana's agent for the lease of residential housing to tenants during all relevant times and is authorized to manage residential housing on Ohana's behalf under the terms of Ohana's leases.

23.     Defendants are collectively referred to herein as "Landlords."

24.     Plaintiffs allege that Defendants and their respective property managers are joint tortfeasors, co-conspirators, alter egos, agents of the other, co-venturers, and engaged in the joint-enterprise of marketing and sales of residential leases, sales of renter's insurance policies, providing property management and maintenance services, as well as the conduct and acts alleged herein.

25.     Plaintiffs have reviewed records that were made available to them to ascertain the true and full names and identities of all defendants in this action, but no further knowledge or information regarding the parties responsible is available at this time and Plaintiffs are unable to ascertain the identity of the defendants in this action designated as DOE DEFENDANTS 110 ("Doe Defendants"). Doe Defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiffs except that they may be connected in some manner with Defendants and may be agents, attorneys, servants, employees, employers, representatives, co-venturers, coconspirators, associates, or independent contractors of Defendants and/or were in some manner responsible for the injuries or damages to Plaintiff and their true names, identities, capacities, activities and responsibilities are presently unknown to Plaintiff or their attorneys.

## FACTUAL ALLEGATIONS

26.     Defendant Landlords manage and lease residential housing within communities

5

located within the City and County of Honolulu under agreements with the United States Department of the Navy ("Navy").

27.    Defendant Landlords, by and through their agents, provide services to tenants related to the marketing, sale, and management of residential leases in these communities.

28.    The services provided by Defendant Landlords include the provision of potable water through the Joint Base Pearl Harbor-Hickam Water System, which is maintained by United States Navy.

29.    Upon information and belief, Defendant Landlords have entered thousands of leases with tenants for the lease of residential housing including the provision of potable water.

30.    Under the terms of their leases, tenants agree to pay rent in exchange for the services provided by Defendant Landlords including the provision of potable water and safe and habitable housing in compliance with all state and local laws for health and safety.

31.    The water supply for residential housing leased to Plaintiffs, however, has not been sufficiently protected from the risk of fuel contamination associated with repeated leaks of petroleum fuel from the United States Department of the Navy's Red Hill Bulk Fuel Storage Facility ("Red Hill").

32.    Red Hill is an underground storage tank ("UST") system on the Island of Oahu in the State of Hawaii, approximately 2.5 miles northeast of Pearl Harbor, and consists of twenty USTs as well as pipelines and other infrastructure associated with the storage and distribution of marine diesel and jet fuel.

33.    Red Hill sits directly above Oahu's sole-source groundwater aquifer, the Southern Oahu Basal Aquifer, which is irreplaceable and the principal source of drinking water for Oahu

6

supplying ~77% of the water supply for the island including water for the Joint Base Pearl Harbor-Hickam Water System.

34.     Red Hill is estimated to have leaked more than 178,434 gallons of fuel since its inception and presents an undisputed risk to the aquifer that furnishes potable water to the communities leased by Defendant Landlords.

35.     Defendant Landlords possess knowledge of the risk of water contamination from Red Hill by and through their relationships with the Navy and sale of water from the Joint Base Pearl Harbor-Hickam Water system.

36.     Recently, in November 2021, fuel leaks from the Red Hill facility resulted in contamination of drinking water supplied to Plaintiffs' communities and forcing the unreasonable eviction of thousands of Plaintiff Tenants without cause.

37.     Plaintiff Tenants were forcibly evicted by Defendant Landlords' failure to provide clean, safe, and healthy water and pursue this action to recover all economic damages guaranteed by Hawaii law and statute including but not limited to the repayment of rent.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

38.     Plaintiffs repeat and incorporate all factual allegations stated within their Complaint.

39.     Valid contracts have been entered between Plaintiffs and Defendants for the lease of residential housing.

   a.     Under the terms of their lease contracts, Plaintiffs agreed to pay rent in exchange for safe, clean, and habitable residential housing for themselves

7

and their families, which includes the provision of clean, safe, and healthy potable water.

b.    Under the terms of their lease contracts, the parties agreed that their lease obligations and responsibilities would be construed under the substantive laws of the State of Hawaii, including, but not limited to, Hawaii Revised Statutes Chapter 521 and the common law interpreting those statutes.

40.    Under the terms of their leases and Hawaii law, Defendants have a duty of good faith and fair dealing and a duty to maintain fit premises.

41.    Notwithstanding their contractual duties, Defendants have breached their lease agreements with Plaintiffs. Specifically, Defendants have failed to maintain and provide safe and habitable housing by failing to provide safe, clean, and healthy drinking water to Plaintiffs.

42.    Due to Defendants' breaches of contract, it has been necessary for Plaintiffs to incur expenses and other special damages in an amount to be proven at trial.

43.    Because of Defendants' conduct, Plaintiffs have sustained harm, expenses and other damages in an amount to be proven at trial, which include, but are not limited to:

a.    Overpayment for rent for services for Defendants' failure to provide the safe and healthy home and community represented by Defendants;

b.    Loss of use and enjoyment in their homes and community;

44.    Under the terms of their lease, Plaintiffs are entitled as the prevailing party to reasonable attorneys' fees and costs required to pursue this action.

45.    As a proximate and legal result of Defendants' breaches of contract, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages,

8

including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Warranty of Habitability)

46.    Plaintiffs repeat and incorporate all factual allegations stated within their Complaint.

47.    Defendants owe a duty to Plaintiffs to provide safe and healthy residential housing, which includes the provision of clean, safe potable water for the purpose of drinking, cleaning, and bathing.

48.    Under the terms of their lease contracts, Plaintiffs agreed to pay rent in exchange for safe and healthy residential housing, which includes the provision of clean, safe potable water for the purpose of drinking, cleaning, and bathing.

49.    Defendants breached their duty to provide safe and healthy residential housing.

50.    As explained above, Defendants failed to warn Plaintiffs of the existence, nature and extent of risks of Red Hill fuel leaks to Plaintiffs and thereafter allowed Plaintiffs and their families to be exposed to adverse health risks and other adverse health outcomes without their knowledge and against their will by the provision of contaminated water.

51.    Specifically, Defendants failed to disclose risks associated with water contamination and failed to provide clean, safe, and healthy potable water rendering Plaintiffs' communities uninhabitable.

52.    Because of Defendants' conduct, Plaintiffs have sustained harm, expenses and other damages in an amount to be proven at trial, which include, but are not limited to:

   a.    Overpayment for rent for services for Defendants' failure to provide the safe and healthy home and community represented by Defendants;

9

b.    Loss of use and enjoyment in their homes and community;

53.    As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## THIRD CLAIM FOR RELIEF
### (Violation of Hawaii Revised Statute Chapter 521 – Landlord Tenant Code)

54.    Plaintiffs repeat and incorporate all factual allegations stated within their Complaint.

55.    Hawaii Revised Statute §521-10 imposes upon landlords an obligation of good faith in the performance of their obligations under the lease.

56.    Hawaii Revised Statute §521-42(a)(1) obligates Defendants to supply housing that complies with all applicable building and housing laws materially affecting health and safety.

57.    Despite their obligation to provide healthy and safe housing to tenants,[1] Defendants negligently, reckless, or knowingly exposed Plaintiffs and their families to contaminated water without their knowledge and against their will.

58.    As described above, despite their obligation to act in good faith, Defendants failed to disclose and failed to protect Plaintiffs and their families from contaminated drinking water within their communities.

59.    Further, Plaintiffs have been evicted from their homes without cause due to contaminated drinking water.

---

[1] *See* Hawaii Landlord Tenant Code Handbook, Landlord Obligations, at 15 ("Provide safe and healthy premises as required by law. Section 42(a)(1) and (2)").

60.     Defendants have therefore violated the Hawaii Landlord Tenant Code and Plaintiffs are entitled to all rights and remedies afforded tenants under Chapter 521, which includes their reasonable attorneys' fees and costs and the payment of rent to Plaintiffs.

61.     Because of Defendants' violation of Chapter 521 of the Hawaii Revised Statutes, Plaintiffs have sustained harm, expenses and other damages in an amount to be proven at trial, which include, but are not limited to:

      a.     Overpayment for rent for services for Defendants' failure to provide the safe and healthy home and community represented by Defendants;

      b.     Loss of use and enjoyment in their homes and community;

62.     As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

**FOURTH CLAIM FOR RELIEF**
**(Unfair & Deceptive Trade Practices/Unfair Methods of Competition)**

63.     Plaintiffs repeat and incorporate all factual allegations stated within their Complaint.

64.     Hawaii Revised Statutes § 480-2(a) provides, in relevant part: "[U]nfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."[2]

      a.     The sale of residential leases and services by Defendants constitute "any trade or commerce" within the meaning of Hawaii Revised Statutes chapter 480.

---

[2] HAW. REV. STAT. §480-2.

65.    Plaintiffs are "consumers" under Hawaii Revised Statute 480-1 who have purchased goods or services or who have personally invested their resources to lease residential housing from Defendants.[3]

    a.    Hawaii Revised Statutes § 480-1 clarifies that the term "purchase" or "buy" includes "contract to buy", "lease", "contract to lease", "license" and "contract to license".[4]

    b.    The purchase of leases from licensed real estate agents falls within conduct regulated by Hawaii Revised Statutes Chapter 480.

    c.    Further, the provision of potable water in association with the provision of residential housing is a service purchased by Plaintiffs from Defendants.

66.    Defendants' failure to warn and sale of contaminated drinking water as part of leases sold to Plaintiffs constitutes an unfair or deceptive act and practice in the conduct of trade and commerce that has the tendency to mislead and is substantially injurious to Plaintiffs.

67.    Defendants' failure to disclose the risks associated with its water supply and sale of contaminated water also constitutes unfair competition that has injured Plaintiffs' property.

68.    Because of Defendants' conduct, Plaintiffs have incurred expenses and other special damages in an amount to be proven at trial, which include, but are not limited to:

    a.    Overpayment for rent for services for Defendants' failure to provide the safe and healthy home and community represented by Defendants;

    b.    Loss of use and enjoyment in their homes and community;

---

[3] HAW. REV. STAT. § 480-1.
4 *Id.*

69.     As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## FIFTH CLAIM FOR RELIEF
### (Nuisance)

70.     Plaintiffs repeat and incorporate all factual allegations stated within their Complaint.

71.     During the relevant time period, Defendants allowed the release of contaminated water into Plaintiffs leased residences, which interfered with Plaintiffs' ability to use and enjoy their homes and resulted in harm, inconvenience, and unlawfully annoyed and disturbed Plaintiffs' free use, possession, and enjoyment of their property.

72.     Defendants are liable for damages that are the legal and proximate result of the nuisance created by their conduct.

73.     Because of Defendants' conduct, Plaintiffs have incurred expenses and other special damages in an amount to be proven at trial, which include, but are not limited to:

      a.     Overpayment for rent for services for Defendants' failure to provide the safe and healthy home and community represented by Defendants;

      b.     Loss of use and enjoyment in their homes and community;

74.     As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

///

13

## SIXTH CLAIM FOR RELIEF
### (Wrongful Eviction)

75. Plaintiffs repeat and incorporate all factual allegations stated within their Complaint.

76. The above-described conduct constitutes wrongful eviction in violation of Hawaii law.

77. Because of Defendants' conduct, Plaintiffs have incurred expenses and other special damages in an amount to be proven at trial, which include, but are not limited to:

    a. Overpayment for rent for services for Defendants' failure to provide the safe and healthy home and community represented by Defendants;

    b. Loss of use and enjoyment in their homes and community;

78. As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants and in favor of the Plaintiffs as follows:

1. General, special, treble, and consequential damages in an amount to be proven at trial;

2. Reasonable attorneys' fees and costs;

3. Disgorgement of profits due to Defendants' unjust enrichment;

4. Return of all rents and other remedies guaranteed by HRS §521.

5. Any prejudgment interest provided by statute;

6. Punitive damages for Defendants' wanton, reckless, and grossly negligent conduct;

7.   All available injunctive relief including the right to rescission of leases under equity and statute;

8.   For such other and further relief at law or equity as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, November 6, 2023.

/s/ Terrance M. Revere
TERRANCE M. REVERE
PAUL V.K. SMITH
MICHAEL JAY GREEN
Attorneys for Plaintiffs